UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN RATCLIFF (#391453)                                  CIVIL ACTION

VERSUS

ASST. WARDEN RAYBURIN TEER, ET AL.                       NO. 07-0888-C-M2

NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 10, 2008.

                                    _____
                                    MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

JOHN RATCLIFF (#391453)                                CIVIL ACTION

VERSUS

ASST. WARDEN RAYBURIN TEER, ET AL.                     NO. 07-0888-C-M2

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Ass't. Warden Rayburin Teer and Major Kenneth Stewart, complaining that the defendants violated his constitutional rights by maintaining him on "Restrictive Cell Status" for a period of 28 days, during which time he was subjected to unconstitutional conditions of confinement. Specifically, the plaintiff complains that, while in Restrictive Cell Status, he was provided only with a paper gown and was deprived of sheets, blankets, toilet paper, a toothbrush, toothpaste and any kind of footwear. In addition, the plaintiff complains that he "had to suffer cool nights and extremely humid days."

Pursuant to the provisions of 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action, or any part of an action, brought in forma pauperis if satisfied that the claims asserted therein are frivolous, malicious, or fail to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis action is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v.

Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

The Court concludes that the plaintiff's claim fails to rise to the level of a constitutional violation. In essence, the plaintiff's claim is essentially that, as a result of the deprivations to which he was subjected while classified to Restrictive Cell Status, he was subjected to unconstitutional conditions of confinement. In this regard, however, it is well-settled that, while some conditions of confinement, "in combination", may constitute cruel and unusual punishment under the Eighth Amendment when each would not do so alone, this will occur only when these conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. Id. The Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in Estelle. Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). A prison official acts with deliberate indifference when he is both aware of facts from which an

inference may be drawn that a substantial risk of serious harm exists to an inmate, and when he in fact draws that inference.  <u>Farmer v. Brennan</u>, <u>supra</u>.

In the Court's view, the plaintiff has failed to allege the deprivation of a single identifiable human need.  Although he complains that he lived without personal clothing, bed linens and hygienic items for a period of twenty-eight (28) days, he does not allege that any harm or injury resulted from these deprivations.  Pursuant to 42 U.S.C. § 1997e(e), the law is clear that, "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Accordingly, in the absence of any allegation of actual injury or any allegation of the deprivation of a single identifiable human need, the plaintiff has failed to allege a claim which amounts to a constitutional violation.  For this reason, his Complaint must be dismissed as legally frivolous.

RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's action be dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915(e).

Signed in chambers in Baton Rouge, Louisiana, January 10, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**